EUGENE M. KETELTAS AND HENRY W. CLARK, AS EXECUTORS, ETC., OF WILLIAM A. KETELTAS, DECEASED, APPELLANTS, *v.* MARY C. GREEN, OTHERWISE KNOWN AS MARY C. KETELTAS, RESPONDENT.

*Legacy — payment of, before expiration of year — when surrogate may order— R. S., part 2, chap. 6, title 3, art. 3, § 82.*

Section 82 of article 3, title 3, chapter 6, part 2 of the Revised Statutes, authorizing any person entitled to any legacy or to a distributive share of the estate of a deceased person, to apply to the surrogate, at any time previous to the expiration of one year from the granting of letters testamentary or of administration, to be allowed to receive such portion of such legacy or share, as might be necessary for his support, only applies to cases in which the title of the party to a distributive share is undisputed and free from doubt, and where such is not the case the surrogate has no authority to hear and determine proceedings instituted thereunder.

APPEAL from an order of the surrogate of the county of New York, directing the appellants as executors of W. A. Keteltas, deceased, to pay to the respondent $5,000, as a portion of her distributive share of the estate of the deceased, in proceedings instituted under sections 82 and 83 of 2 Revised Statutes (Edm. ed.), page 102.

*H. W. Clark* and *S. P. Nash*, for the appellants.

*C. B. Smith*, for the respondent.

DAVIS, P. J.:

This was an application under sections 82 and 83 of article 3, title 3, part 2, chapter 6 of the Revised Statutes, relative to the duties of executors and administrators. (2 R. S., §§ 82, 83, p. 98.) Section 82 is as follows: " Any person entitled to any legacy or to a distributive share of the estate of a deceased person, at any time previous to the expiration of one year from the granting of letters testamentary, or of administration, may apply to the surrogate, either in person òr by his guardian, after giving reasonable notice to the executor or administrator, to be allowed to receive such portion of such legacy or share as may be necessary for his support."

The application was made by the respondent, as widow of the testator, William A. Keteltas, under the above recited statute, and under the ninth clause of the will of the testator, which directs his executors to divide and pay his residuary estate " between and among his next of kin, according to the statute of the State of New York, now in force, concerning the distribution of personal estates of intestates, in like manner as though he had died intestate." The respondent filed her petition claiming that she was the widow of the deceased and was entitled to a share in the distribution of the residuary estate, as directed by the ninth clause of his will. The appellants denied the marriage of the respondent with the testator, and denied that, under the provisions of his will and by their true construction, she was entitled to any distributive share in his estate. These questions have been tried and passed upon by the surrogate, and found and determined favorably to the respondent. There seems to be no reason to doubt but that the surrogate correctly found upon the question of marriage; the proof was abundant upon that point. The marriage took place a few months before the death of the testator, prior to which and for many years the respondent and the testator had been living together in cohabitation without the sanction of any marriage ceremony. The marriage was an act of justice on his part which ought long before to have been performed, and in tenderness to his memory ought not now to be disputed. If there was no question but that of the respondent being *de facto et de jure* the widow of the testator, we think we should be entirely justified in affirming

the order ; but at the time the will was made her relations to the testator were quite otherwise than marital.

The will provides that $10,000 be invested and the interest and income thereof paid to her during her natural life; and in this provision of his will the testator describes her as " Mary C. Green, now living with me." Her subsequent marriage to him does not affect this provision for her, nor does there appear to be any question as to her right of dower springing out of such marriage. But the question whether she is entitled to come in under the ninth clause of his will and claim as a distributee of the residuary estate is earnestly contested by the appellants. It depends upon the construction to be given by the court to the ninth clause, when read in connection with all the provisions of the will. It is claimed by the appellants that this question is one which the surrogate had no jurisdiction to determine under the eighty-second section of the statute above recited, upon an application for the payment in advance of a portion of a distributive share; but that that section applies only to cases where the title of a party to a distributive share is undisputed and free from doubt. There is, it seems to us, great force in this objection. The language of the section clearly indicated that the proceeding under it was intended to apply only to cases of undisputed right. "*Any person entitled to* any legacy * * * may apply,*" etc. It does not read *any person who claims to be entitled ;* and the subsequent provision providing only for notice to executors and administrators, and not, to all persons interested in the construction of the will, tends strongly to show that it was not designed to authorize the surrogate to act under this section in directing advancements, if the application was not made by a " person entitled," without controversy, to a legacy.

It should be recollected that the proceeding under the eighty-second section is a special one, for a particular purpose, wholly distinct and independent of the general provisions relative to the final settlement of estates and payment of legacies, and its proper determination requires us not to confound it with such statutes. Even under somewhat similar provisions of the statute relative to the payment of debts by order of the surrogate to creditors of the testator, the courts have held — and it seems now to be the settled law — that the surrogate has no jurisdiction to hear and determine

contested claims. (2 R. S., 116, § 18; *Magee* v. *Vedder*, 6 Barb., 352; *Tucker* v. *Tucker*, 4 Keyes, 136.) The principle of those cases seems to us to be applicable to the case before us. Provision in section 82 is made for notice to the executor or administrator, but no notice is provided for to the next of kin, or legatees, or devisees under the will, who are the parties most interested in a contested question of this character. Nor is there any mode of bringing them before the surrogate, as parties to such a contest for the construction of the will. But in a proceeding for that purpose before any other tribunal, or in proceedings before the surrogate for the final settlement and distribution or payment of legacies and distributive shares, they would not only be proper but necessary parties, because their rights would depend directly upon the determination of the questions involved. The learned surrogate passed upon this case upon the authority of *Luce* v. *Dunham* (14 S. C. N. Y. [7 Hun], 202), in which construction was given to a somewhat similar residuary clause of a will, and the widow of the testator was held under the peculiar phraseology of the will to be embraced in the words "heirs and next of kin." That case and the cases cited in the opinion of Justice DANIELS, cannot be said to have so fully disposed of the question involved in this case as to leave no serious doubt of the construction to be given to the will of this testator. There is an element of difference between the cases which raises a delicate, and perhaps difficult question, to be considered; and it should only be determined by the Surrogate's Court, in proceedings under the general statutes above mentioned, or in an action or proceeding for a proper construction of the will in a court having jurisdiction of all the parties to be affected. We do not intend to intimate any opinion as to how the question ought to be decided.

We think that the surrogate had not jurisdiction in this special proceeding to adjudicate upon the construction of the will, touching the disputed rights of the parties under the ninth clause.

The order appealed from must, therefore, be reversed; but the circumstances of the case are such that no costs should be charged upon the respondent. The costs of the appellant, both on this appeal and on the proceedings below, may be allowed to them as a charge upon the estate, as was directed in *Magee* v. *Vedder* (*supra*).

BRADY, J., concurred. DANIELS, J., concurred in the result, but not for want of jurisdiction.

Order reversed; no costs to be charged upon respondent; appellants' costs, both on appeal and proceedings below, allowed to them as a charge against the estate.